UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| RAFAEL GOMEZ, | **COMPLAINT** |
| Plaintiff, | **Docket No.: 22-cv-3202** |
| -against- | |
| | Jury Trial Demanded |
| VINTAGE VENTURES LLC, CHASE GROUP ALLIANCE LLC, and ESQUIRE GROUP ESTATES, LLC, | |
| Defendants. | |

------------------------------------------------------------------------X

Plaintiff, RAFAEL GOMEZ ("Plaintiff"), by and through his attorneys, JOSEPH & NORINSBERG, LLC, as and for his Complaint against VINTAGE VENTURES LLC, CHASE GROUP ALLIANCE LLC, and ESQUIRE GROUP ESTATES, LLC ("Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 652 *et seq.*; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL §195(3); and (iv) any other cause(s) of action that can be inferred from the facts set forth herein.

2. Defendants are a group of related entities that own and operate a building services company wherein they provide staffing and personnel services to residential buildings around New York City. Though nominally distinct, Defendants operate as a single enterprise in that they jointly control the economic realities of each of Defendants' employees, including controlling all terms and conditions of Plaintiff's employment, specifically with respect to hiring, firing, scheduling, maintaining employment records, assigning work, and determining his rates of pay and administering his pay.

3. Plaintiff worked for Defendants as an on-site building superintendent and porter at multiple buildings from in or about 2007 until on or about January 7, 2022. As described below, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours each week for virtually each week of his employment. Yet Defendants failed to compensate Plaintiff at the rate of one and one-half times his regular rate of pay for all hours that he worked in excess of forty each week, in violation of the FLSA and the NYLL.

4. Furthermore, Defendants violated the NYLL by failing to provide Plaintiff with accurate wage statements on each pay day that included, *inter alia*, his actual hours worked and/or his overtime rate of pay.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising out of New York law

6. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1), as Defendants reside in this judicial district.

7. On March 20, 2020, then-New York Governor Andrew M. Cuomo signed Executive Order 202.8, which tolled for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued through subsequent extensions of that Order via Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, and 202.67, through November 3, 2020. In total, the Executive Orders provided for a toll of 228 days.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FLSA and NYLL.

9. At all relevant times herein, Defendants were and are a group of New York limited liability companies that together operated as a single integrated enterprise / joint employer, with shared offices located at 1274 49th Street, Suite 467, Brooklyn, New York 11219. Defendants operate several residential apartment buildings located at around New York City.

10. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA. Additionally, Defendant's qualifying annual business exceeds $500,000.00, Defendants employed and employs two or more people, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as Defendants accepted payments in cash that naturally moved across state lines, accepted checks and credit card payments as a form of payment based on banking agreements with out-of-state companies, and purchased and used tools and supplies on a daily basis in the course of maintaining its buildings that traveled across state lines, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## BACKGROUND FACTS

11.     Defendants are a group of New York limited liability companies headquartered in Kings County that are engaged in the business of leasing, renovating, and maintaining residential apartments.

12.     Plaintiff worked for Defendants from in or about 2007 until on or about January 7, 2022.

13.     Defendants employed Plaintiff as a building superintendent and porter at several of its many residential apartment buildings.

14.     Plaintiff performed work for Defendants in each of the following locations:

   a. 225 West 146 Street, New York, New York 10039, featuring approximately forty-two residential units;

   b. 235 West 146 Street, New York, New York 10039, featuring approximately forty-two residential units; and

   c. 301 West 141 Street, New York, New York 10039, featuring approximately fourteen residential units plus two commercial tenants.

15.     Throughout his employment, Plaintiff's primary job duties included, but were not limited to: inspecting and maintaining the building; sweeping and mopping; removing garbage; making major maintenance-related repairs and painting; and responding to tenants' complaints or requests at all hours of the day and night.

16.     Throughout Plaintiff's employment, Plaintiff also performed supplemental manual work on vacant apartments in Defendants' building located in each of the three buildings where he worked - - 225 West 146th Street, 235 West 146th Street, and 301 West 141st Street.

17.     The entrances to each of these buildings were located more than 200 feet away from each other.

18. Throughout Plaintiff's employment, Defendants employed other employees who performed work in each of these buildings separately from Plaintiff's work, including but not limited to "Luis" (last name unknown).

19. At all relevant times during Plaintiff's employment, and for at least the last six years plus 228 days preceding the filing of this Complaint, aside from 225 West 146th street, each of Defendants' buildings in which Plaintiff performed work had separate, additional employees, who worked for Defendants as live-in building superintendents.

20. At all relevant times during Plaintiff's employment, and for at least the last six years plus 228 days preceding the filing of this Complaint, separately from his on-call work, Defendant required Plaintiff to work, and Plaintiff did in fact work, typically seven days per week. From Monday through Friday, Defendants required Plaintiff to work, and he did in fact work, from 7:00 a.m. or 7:30 a.m. until approximately 5:00 p.m., with a one-hour lunch break each day. On Saturdays and Sundays, Defendants required Plaintiff to work, and he did in fact work, from 7:00 a.m. or 7:30 a.m., and continue working until between 3:00 p.m. and 4:00 p.m., with a one-hour lunch break each day. In total, separately from his on-call work, Defendants required Plaintiff to work, and Plaintiff did in fact work, an average of sixty-hours each week.

21. At all relevant times during Plaintiff's employment, and for at least the last six years plus 228 days preceding the filing of this Complaint, Defendants required Plaintiff to remain on-call for twenty-four hours per day, seven days per week, as a building superintendent for 225 West 146th Street, in addition to his work from time to time at Defendants' other buildings.

22. That is, Plaintiff—who was required to live in the building at 225 West 146th Street and remain on-call—regularly received phone calls on a near-daily basis outside of his regularly scheduled hours, requiring him to be immediately available to address any issues that arose in the

building, twenty-four hour per day, seven days per week. Thus, while Plaintiff did in fact work at least sixty hours per week, Plaintiff was on call, and thus engaged to wait to work, for all 168 hours each week.

23. For his work, Defendants paid Plaintiff a weekly base salary of $1,400.00 for at least the entirety of the last six years plus 228 days of his employment.

24. In addition, Defendants paid Plaintiff additional wages from time to time when he completed various major repairs and painting in vacant apartments. The amount that Defendants paid Plaintiff varied by job, with Defendants' manager, "Luis" (last name unknown), who managed several of Defendants' buildings, informing Plaintiff how much Defendants would pay him for this work. Plaintiff typically performed at least one job per month in vacant apartments, on average.

25. Defendants never paid Plaintiff one and one-half times the weighted average of his regular rate of pay plus any additional wages for work performed in vacant apartments, for any of his workweeks when they exceeded forty hours in a week, which was virtually every week of his employment.

26. By way of example only, during the week of March 28, 2020 through April 3, 2020, Plaintiff worked the following schedule:

    a.    Saturday, March 28, 2020:    8:00 a.m. through 5:00 p.m., with a one-hour lunch

    b.    Sunday, March 29, 2020:    8:00 a.m. through 12:00 p.m., without a lunch break

    c.    Monday, March 30, 2020:    8:00 a.m. through 5:00 p.m., with a one-hour lunch

    d.    Tuesday, March 31, 2020:    8:00 a.m. through 5:00 p.m., with a one-hour lunch

    e.    Wednesday, April 1, 2020:    8:00 a.m. through 5:00 p.m., with a one-hour lunch

    f.    Thursday, April 2, 2020:    8:00 a.m. through 5:00 p.m., with a one-hour lunch

    g.    Friday, April 3, 2020:    8:00 a.m. through 5:00 p.m., with a one-hour lunch

Thus, Plaintiff worked a total of fifty-nine hours this week. Defendants failed to pay Plaintiff any overtime compensation for the nineteen hours he worked beyond forty this week.

27. Each hour that Plaintiff worked was for the Defendants' benefit.

28. Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

29. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

31. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff is an employee within the meaning of the FLSA.

32. As also described above, Plaintiff worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

33. Defendants willfully violated the FLSA. Specifically, Defendants knew that Plaintiff was working in excess of forty hours in a week, yet intentionally told and directed Plaintiff not to keep track of the hours that he worked so as to avoid creating evidence of Defendants' wrongdoing / Plaintiff's overtime hours.

34. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular or weighted average rates of pay.

35. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL*

36. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37. NYLL § 652 requires employers to compensate their employees at a rate not less than one and one-half times their regular or weighted average rate of pay for all hours worked exceeding forty in a workweek.

38. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

39. As also described above, Plaintiff worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff in accordance with the NYLL's overtime provisions.

40. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

41. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violation of the NYLL's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

42. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

44. Defendants are "employers" within the meaning of the NYLL, while Plaintiff is an "employee" within the meaning of the NYLL.

45. As described above, Defendants, on each payday, failed to furnish Plaintiff with accurate wage statements containing the criteria required under the NYLL.

46. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

47. Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States laws;

b. An order restraining Defendants from any retaliation against Plaintiff for participating in this lawsuit in any form;

c. All damages that Plaintiff has sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff would have received but for Defendants' unlawful payment practices;

d. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

e. Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

f. Pre-judgment and post-judgment interest, as provided by law; and

    g.    Granting Plaintiff any further relief as this Court finds necessary and proper.

Dated: New York, New York
        May 31, 2022

                      Respectfully submitted,

                      **JOSEPH & NORINSBERG, LLC**

By: _____
                      JON L. NORINSBERG
                      MICHAEL R. MINKOFF
                      110 East 59th Street, Suite 3200
                      New York, New York 10022
                      Tel.: (212) 227-5700
                      Fax: (212) 656-1889
                      jon@norinsberglaw.com
                      michael@employeejustice.com
                      *Attorneys for Plaintiff*